## WARFIELD v. WOODWARD.

In an action of right, the plaintiff offered in evidence a sheriff's deed executed February 22, 1852, by virtue of a sale made December 22th, 1850, showing that the deed was executed a month before the redemption period of fifteen months had expired ; but it did not appear that the deed was delivered to the purchaser, before the expiration of tha time ; held, that the court below did not err in admitting the deed in evidence.

Under the acts of 1843 and 1846, subjecting real and personal estate to execution, the sheriff is not precluded from executing the deed before the purchaser is entitled to it. But if such deed is delivered to the purchaser before the fifteen months have elapsed, it is still equal, at least, to a certificate of purchase, and admissible in evidence to show a right to the property.

### Appeal from Muscatine District Court.

*Opinion by* GREENE, J. This was an action of right commenced by William G. Woodward, against David R. Warfield, for land in Muscatine county. The answer denies plaintiff's title and right to possession. Judgment for plaintiff.

The defendant appealed, and now contends that the court erred in permitting the plaintiff to offer in evidence, the sheriff's deed from which he claimed to derive title. This deed purports to have been executed by the sheriff on the 22nd, February 1852, by virtue of a sale made on the 25th December, 1850, under an execution in favor of the state of Iowa, against John Holmes. It is objected that the deed was executed before the time of redemption had expired. This sale took place under the act of 1843; Rev. Statute, 628, and the amendatory act of 1846, 34. By virtue of this amendatory act of 1846, the execution defendant had a right to redeem the land sold, at any time within, twelve months from the date of sale ; and if not redeemed by him within twelve months, it might be redeemed within three months thereafter, by any of his judgment creditors.

In either case, the act directs a certificate of redemption to be issued.

The deed in this case was executed by the sheriff, about fourteen months after the sale, and while the judgment creditors had a right to redeem, but after that right had expired in behalf of the defendant in execution. The second section of the act of 1846 directs: " When any real estate shall be sold on execution, under this act, the sheriff shall give to the purchaser, a certificate, showing the amount for which said real estate was sold, and that the purchaser will *be entitled to a deed at* the expiration of fifteen months from said sale, unless redeemed, as hereinafter provided ; and the said purchaser shall not be required to have said certificate recorded."

As the deed in this case appears to have been *executed* before the expiration of the sale, it is contended that the sheriff, exceeded his powers, that the deed is consequently void, and should not have been admitted in evidence.

It will be observed that the section above quoted, merely directs what the certificate of sale should show, and among other things, it must show, " that the purchaser *will be entitled to a deed*," &c. It says nothing about the time when the deed must be executed. That is left entirely to the discretion of the sheriff. If more convenient for him to execute deeds one or three months in advance of the time of delivery, he was at perfect liberty to do so. There is no particular time designated for this duty, Rev. Stat., 633 ; § 10, and 638, § 28. It would seem that the deed might have been *executed* at any time after the sale, and be delivered to the purchaser, if entitled to it at the expiration of fifteen months. We take it for granted, that the deed was not delivered to the purchaser until he was entitled to it, as there is nothing of record in the case to show at what time the purchaser obtained the deed.

But if the deed had been delivered to him in advance of the fifteen months, it does not follow that it was void. It was equal to a certificate of purchase, and admisi-

ble in evidence to show a right of possession, and nothing could avoid it, under a valid sale, but the certificate of redemption obtained by the execution defendant, within twelve months, or by one of his judgment creditors, within the fifteen months after the sale. As nothing of that kind was produced on the trial below, it is safe to assume that the land had not been redeemed, and that the deed was properly in possession of the purchaser. From the record before us it is clear that the court did not err in admitting the deed.

The form of the certificate of acknowledgment was objected to in the court below, but as the record in the case does not furnish us with a copy of the certificate or its substance, we cannot disturb the ruling below, in that respect.

Judgment affirmed.

*Cloud* and *O'Connor*, for appellant.

*W. G. Woodward, pro se.*